MALDONADO, PLAINTIFF AND APPELLEE, *v.* SALICHS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in Injunction Proceedings.

No. 2942.—Decided December 17, 1923.

INJUNCTION—RECOVERY OF POSSESSION—PLEADING—AMENDMENT.—An amendment allowed during the trial for the purpose of setting up in the complaint in injunction proceedings to recover possession the date on which the dispossession took place does not change in any way the question at issue. An amendment to the complaint during the trial is a matter within the sound discretion of the court and no error can be based thereon if it appears that a new answer was not necessary by reason of the amendment and that the defendant was not surprised and did not ask for time to prepare an answer to the matters included in the amendment.

ID.—ID.—ID.—A complaint in injunction proceedings to recover possession can not be considered ambiguous, unintelligible or doubtful because it charges at the same time acts of disturbance and acts of dispossession when the former acts are alleged as preceding and leading up to the dispossession.

The facts are stated in the opinion.

*Messrs. Tous Soto & Pérez Marchand* for the appellant.

*Messrs. López de Tord & Zayas Pizarro* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

By his action the plaintiff seeks to recover the possession of a parcel of land alleged to have been taken possession of violently by the defendant. It is alleged also that during the year prior to the filing of the complaint the plaintiff was, and now is, in possession of a property of 50 acres with the exception of that parcel of which he was dispossessed by the defendant by acts of eviction in which about fifteen days before the action was brought the said defendant, through a surveyor and men under his orders, entered upon the property of the plaintiff and took possession of a parcel of 20 acres and inclosed it with wire fencing, thus preventing the plaintiff from cultivating the said parcel and gathering its products.

The defendant demurred on the ground of lack of cause of action and alleged that the complaint was ambiguous, unintelligible or doubtful, finally denying the material allegations of the complaint.

The complaint was sustained and from that judgment the present appeal was taken, the appellant assigning the following errors:

"1. The District Court of Ponce erred in overruling the demurrer on the ground of failure to state a cause of action.

"2. The court erred in overruling the ground of demurrer that the complaint was ambiguous, unintelligible and doubtful.

"3. The court erred in permitting the plaintiff, over the objection of the defendant, to amend his complaint after his evidence had been examined in such form as to change the issue materially and substantially and deprived the defendant-appellant of an opportunity to deny in time the new pleading.

"4. The court erred in finding that acts of eviction had been committed sufficient to justify an injunction to recover possession in favor of the plaintiff-appellee.

"5. The court also erred in finding from the same facts that acts of disturbance in the enjoyment and use of the property had been committed, the simultaneous assertion of two remedies being thus allowed on allegations essentially inconsistent, and erred also in granting an injunction to retain possession in favor of the plaintiff after having granted in the same action an injunction to recover."

The appellant discusses the first assignment by contending that the complaint is insufficient. His demurrer is a criticism of the fourth allegation of the complaint, which is as follows:

"4. That the plaintiff, Pedro C. Maldonado Torres, was for a year prior to the filing of this petition and still is in possession of the property described in the third count as lawful owner thereof, with the exception of the portion of which he was thereafter alleged to have been violently dispossessed."

But this allegation was amended during the progress of the trial as follows: "Of which also he had possession until dispossessed by the defendant about fifteen days ago, and had had such possession for several years before."

The question for decision now is whether the plaintiff had a right to make that amendment, this being the appellant's third assignment under which he contends that the defendant was not given an opportunity to prepare his defense in time and form.

Courts have discretional power to allow amendments depending upon the circumstances of each particular case, and in this case the trial court exercised that power correctly, inasmuch as the amendment did not in any way vary the question at issue. The appellant's contention that the amendment was proposed and allowed at a time when the defendant did not have time enough to controvert an allegation until then unknown, is also without merit. If the

defendant thought that the amendment was a. surprise, he could have asked the trial court to allow him time within which to prepare an answer to the amendment.

"The amendment of the complaint during the progress of the trial is a matter within the discretion of the court, and no error can be founded thereon when it appears that no different answer was thereby required, and that the defendant was not taken by surprise, and did not ask for time to prepare an answer to the matters covered by the amendment." 3 Estee's Pleadings, 112.

As this was not error and the amendment made the complaint sufficient, the first assignment of error is *ipso facto* without a basis.

Nor is the second assignment that the complaint is ambiguous, unintelligible and doubtful well pleaded. The reason for this assignment is that the complaint alleges at the same time acts of dispossession and mere acts of disturbance, the appellant deducing that the two allegations are incompatible. We find no such incompatibility in the allegations of the complaint. The acts of disturbance are alleged as preceding and leading up to the plaintiff's eviction. Of course, if there had been only acts of mere disturbance, nothing more could be alleged, but eviction is different, for this is only the result of the acts done or the culmination of the acts of mere disturbance. Besides, the allegations of a complaint can not be taken separately. They form a whole and should be connected and harmonized with each other. The averment regarding the acts of the surveyor and men under his orders and the instructions given by the defendant should be construed, as the appellant correctly says, as alleging acts of mere disturbance and can not be separated from the other allegations. That allegation must be connected with the other acts of the defendant in fencing with wire the parcel taken possession of and preventing the plaintiff from entering the said parcel of 20 acres.

The other assignments refer to the weighing of the evi-

dence. The evidence was contradictory and the trial court found in favor of the plaintiff. We find no manifest error in weighing the evidence and no allegation has been made of partiality, prejudice or passion on the part of the trial judge.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.